UNITED STATES DISTRICT COURT
Southern ~~COURT~~ DISTRICT OF New York

| | |
|---|---|
| Judith Alterio<br><br>Plaintiff<br><br>vs.<br><br>Rushmore Loan Services Ditech Wilmington Trust<br><br>Defendant | **20 CV 143**<br><br>**VERIFIED COMPLAINT AND JURY DEMAND** |

## NATURE OF THE CASE

1. This action is brought by a homeowner, Judith Alterio, against her mortgage holder, Wilmington SavingsTrust and servicer Rushmore Loan, for wrongful foreclosure. It is brought under theories of deceit and negligent misrepresentation. Ditech promised Alterio that "No foreclosure sale will be conducted and you will not lose your home" during her evaluation for a loan modification. Then servicers changed hands even though Judith Alterio sent in a modification application as requested, it was approved, and according to the Mortgage Settlement Agreement the new servicer has to honor the modification, Rushmore failed to honor the agreement that Ditech had made before changing the Servicer. Rushmore foreclosed on her home. Indeed, these communications with Ditech and Rushmore are documented. Despite the Federal Settlement Agreement Rules Rushmore refused to honor he Agreement and has refused to rescind the foreclosure or review Alterio's application for a loan modification.

1

## PARTIES

2. Judith Alterio ("Plaintiff") is a natural person residing at 33 Cumberland Road Fishkill New York.

3. Rushmore Loan Management 15480 Laguna Canyon Road, Suite 100, Irvine, CA 92618..

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because this is an action between citizens of different states and the controversy is over a wrongful foreclosure sale of real property valued at more than $75,000.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this District, and because the property that is the subject of the action is situated in this District.

## COMMON FACTS

6. Judith Alterio has resided in the property at issue at 33 Cumberland Road, Fishkill New York for 42 years. She lives in the property with her two sons, her daughter, 2 young nieces and a young nephew and her sister.

7. Alterio refinanced the property at issue in January 2003. (**Exhibit 1**, Deed.)
To finance the purchase, on January, 2003, she took out a loan with a note to
GMAC Morgage (**Exhibit 2**, Note.)

2

9. The loan is secured by a mortgage is recorded in the Dutchess County

Registry of Deeds, d (**Exhibit 3,** Mortgage.)

10. The mortgage was subsequently assigned to GMAC LLC, GREEN TREE

SERVICING, DITECH, THEN RUSHMORE LOAN(**Exhibit 4,** Assignment.)

11. Mortgage was paid timely for over 7yrs until GMAC switched servicers 4 times in two years, neglected to record payments and forced the account to become past due. Denying modification while they held payments.

12. November of 2010 GMAC convinced Judith Alterio to miss two payments

so that she could obtain a loan modification. Judith Alterio had not been behind on her mortgage until his point, she had even been paying extra on her mortgage every month.

13. These payments were no all applied to the loan, despite numerous requests and Rules of the Federal Setlement Agreement none of the servicers would give detailed payment records or show where the payments not recorded went.

14.Since GMAC convinced her to fall behind on her morage, she engaged in numerous

attempts to modify his mortgage, all of which have failed. In 2012, 2013, 2014,and 2016,

Judih Alterio provided packages of financial documents for loan modification applications

to every servicer, the modifications were approved, payments were made, instead of putting

payments to the loan they were put in a suspense account. then the loan was noted as a

default and payments were refused. Rushmore refused any agreement, refused o any

modification moved forward with foreclosure buying time by sending a letter they were

working on a modification.

.

15. Since 2016 when Rushmore became servicer Judith Alterio has tried numerous times to work with Rushmore for a modification. They refuse stating it was to far behind for he investor, despite numerous requests for copies of the qualifications she was never given them. When speaking to employees expressing her concern over losing her home the response was you should have paid your mortgage.

3

16. Judith Alterio made numerous complaints to CFPB in hopes of obtaining he records of payments and to help with the modification.

17.   In response Rushmore said they would provide the information instead they just give a print out of payments with no explanation of where missing monies were applied. And they made no attempts to work with Alterio for any type of modification.

18. Judith Alterio filed an Order to Show Cause in hopes of the Supreme Court Judge being able to stop the foreclosure sale, reverse the Judgement that was placed while they were considering a modification. The Judge ignored all the legal defenses, mailed the decision to the wrong address causing the Appeal time to expire.

19. Rushmore moved the Foreclosure Sale Date 3 different times with no notification to Judith Alterio. In a last attempt to save her home from a foreclosure sale, In June Judith Alterio requested a payoff amount, even though over $93,000 in payments were not credited to the account she was going to pay whatever the payoff amount was.

> No foreclosure sale will be conducted and you will not lose your home
> during the evaluation period (or any longer period required for us to review
> supplemental material you may provide in response to this notice).

20. Rushmore Attorney sent the payoff on the day of the sale (July 18, 2018) with a good to date until (July 30, 208) When Judith Alterio went to make the payoff to Rushmore she was informed the house was sold sorry the house was sold and they refused payment

4

Rushmore violated the Federal Settlement Agreement.

Judith Alterio has filed a complaint with the State Finance Committee and the Justice Department.

Now, faced with eviction from the property, Judith Alterio is trying to find a Court that will help her keep her home and have the Servicer follow the Law, Judith Alterio has repeatedly tried to obtain loan modifications.
She has been approved only to have the Servicer cause the modification to default.

Until the point in which GMAC convinced her to fall behind on the Mortgage it was always paid on time with additional monies.

Her home value is $389,000, the bank purchased it at Auction sale for $209,000. After causing the arrears, denying her any chance of retaining the home, they will be unjustly enriched over $100,000 and her and her family will have lost a home that she has been in for over 42 years

## COUNT I:
### Deceit

35. The preceding allegations are hereby incorporated by reference.

36. In Rushmore's letter to Alterio dated November 16, 2016, it made a false statement as to reviewing a loan modification and instead moved forward with the Foreclosure Judgement obtained November 23, 2016

> No foreclosure sale will be conducted and you will not lose your home during the evaluation period (or any longer period required for us to review supplemental material you may provide in response to this notice).

**(Exhibit 8.)**

Judith Alterio trusted Rushmore only to be deceived in to believing she could retain her home

38. At the time Rushmore made the statement in question, it knew or recklessly made the statement by willfully disregarding its falsity.

6

Rushmore nevertheless foreclosed on Alterios' home in violation of the Federal Settlement Agreement, causing damage to Alterio, namely, loss of title to her home. Loss of real property is regarded as irreparable harm. *Greenfield Country Estates Tenants Ass'n, Inc. v. Deep*, 423 Mass. 81, 88, 666 N.E.2d 988 (1996).

## COUNT II:
### Negligent Misrepresentation

41. The preceding allegations are hereby incorporated by reference.

42. In the course of its business as a mortgage holder and mortgage servicer, Rushmore provided false information to Alterio, namely, that statement in its letter dated November 16, 2016 that it would postpone the foreclosure and review the modification that was approved by Ditech.

> No foreclosure sale will be conducted and you will not lose your home during the evaluation period (or any longer period required for us to review supplemental material you may provide in response to this notice).

Judith Alterio had relied upon the Court and Rushmore to uphold the Federal Settlement Agreement and honor the Loan Modification she was approved for.

## REQUEST FOR RELIEF

WHEREFORE, plaintiff Judith Alterio respectfully requests that the Court grant the following relief:

a) Judgment in his favor and against defendant;

b) Treble damages, actual damages, costs, interest, and attorneys' fees;

c) Rescission of the foreclosure and judgment that it is void; and

d) All other relief available at law or in equity.

Respectfully submitted,

Plaintiff,
Judith Alterio

_____

## VERIFICATION OF COMPLAINT

I, Thomas E. Monks, plaintiff in the above-captioned action, hereby swear under penalties of perjury that I have read the complaint, that the facts stated therein are true, based on my personal knowledge, and that no material facts have been omitted from it.

*[signature]*
Thomas E. Monks

## Servicing Transfers in the Middle of a Modification

Servicing transfers are common in the mortgage industry. In some cases, the new servicer fails to review an already submitted loss mitigation application (that is, an application for a loan modification or other foreclosure avoidance option) or fails to honor the modification agreement with the previous servicer.

Under federal law, if a complete loss mitigation application is pending at the time of the transfer, but has not been evaluated, the new servicer has to review the application within 30 days of the transfer date.

Also, a servicing transfer shouldn't affect a borrower's ability to accept or reject a loss mitigation option offered by the prior servicer. If a new servicer comes into the picture and the time frame for accepting or rejecting a loss mitigation option offered by the old servicer has not expired as of the transfer date, the new servicer must allow the borrower to accept or reject the offer during the unexpired balance of the applicable time period.

When receiving a request for payoff balances on mortgages, servicers must provide a response within seven business days of receiving the written request.

Servicers must quickly respond to borrowers who point out account errors. Servicers have to acknowledge receipt of written notices and must do the following within 30 days: correct the error and provide the information requested; lead a reasonable investigation and inform the borrower of why the error did not occur; or inform the borrower that the information asked for is not available.

Servicers also are required to store borrower information in a manner that makes it easily accessible. This means having policies and procedures in place to ensure information is passed on to borrowers, investors and the courts in a timely fashion.

JS 44C/SDNY
REV. 06/01/17

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

PLAINTIFFS                                                            DEFENDANTS


ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)    ATTORNEYS (IF KNOWN)


CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
(DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)


Has this action, case, or proceeding, or one essentially the same been previously filed in SDNY at any time? No☐ Yes☐    Judge Previously Assigned

If yes, was this case  Vol.☐  Invol.☐   Dismissed. No☐  Yes☐   If yes, give date _____ & Case No. _____

IS THIS AN INTERNATIONAL ARBITRATION CASE?        No ☐    Yes ☐

(PLACE AN [x] IN ONE BOX ONLY)                     NATURE OF SUIT

## TORTS

### ACTIONS UNDER STATUTES

**CONTRACT**
- [ ] 110 INSURANCE
- [ ] 120 MARINE
- [ ] 130 MILLER ACT
- [ ] 140 NEGOTIABLE INSTRUMENT
- [ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
- [ ] 151 MEDICARE ACT
- [ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS)
- [ ] 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS
- [ ] 160 STOCKHOLDERS SUITS
- [ ] 190 OTHER CONTRACT
- [ ] 195 CONTRACT PRODUCT LIABILITY
- [ ] 196 FRANCHISE

**REAL PROPERTY**
- [ ] 210 LAND CONDEMNATION
- [ ] 220 FORECLOSURE
- [ ] 230 RENT LEASE & EJECTMENT
- [ ] 240 TORTS TO LAND
- [ ] 245 TORT PRODUCT LIABILITY
- [ ] 290 ALL OTHER REAL PROPERTY

**PERSONAL INJURY**
- [ ] 310 AIRPLANE
- [ ] 315 AIRPLANE PRODUCT LIABILITY
- [ ] 320 ASSAULT, LIBEL & SLANDER
- [ ] 330 FEDERAL EMPLOYERS' LIABILITY
- [ ] 340 MARINE
- [ ] 345 MARINE PRODUCT LIABILITY
- [ ] 350 MOTOR VEHICLE
- [ ] 355 MOTOR VEHICLE PRODUCT LIABILITY
- [ ] 360 OTHER PERSONAL INJURY
- [ ] 362 PERSONAL INJURY - MED MALPRACTICE

**ACTIONS UNDER STATUTES**

**CIVIL RIGHTS**
- [ ] 440 OTHER CIVIL RIGHTS (Non-Prisoner)
- [ ] 441 VOTING
- [ ] 442 EMPLOYMENT
- [ ] 443 HOUSING/ACCOMMODATIONS
- [ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT
- [ ] 446 AMERICANS WITH DISABILITIES -OTHER
- [ ] 448 EDUCATION

**PERSONAL INJURY**
- [ ] 367 HEALTHCARE/PHARMACEUTICAL PERSONAL INJURY/PRODUCT LIABILITY
- [ ] 365 PERSONAL INJURY PRODUCT LIABILITY
- [ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**PERSONAL PROPERTY**
- [ ] 370 OTHER FRAUD
- [ ] 371 TRUTH IN LENDING
- [ ] 380 OTHER PERSONAL PROPERTY DAMAGE
- [ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY

**PRISONER PETITIONS**
- [ ] 463 ALIEN DETAINEE
- [ ] 510 MOTIONS TO VACATE SENTENCE 28 USC 2255
- [ ] 530 HABEAS CORPUS
- [ ] 535 DEATH PENALTY
- [ ] 540 MANDAMUS & OTHER

**PRISONER CIVIL RIGHTS**
- [ ] 550 CIVIL RIGHTS
- [ ] 555 PRISON CONDITION
- [ ] 560 CIVIL DETAINEE CONDITIONS OF CONFINEMENT

**FORFEITURE/PENALTY**
- [ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
- [ ] 690 OTHER

**PROPERTY RIGHTS**
- [ ] 820 COPYRIGHTS
- [ ] 830 PATENT
- [ ] 835 PATENT-ABBREVIATED NEW DRUG APPLICATION
- [ ] 840 TRADEMARK

**LABOR**
- [ ] 710 FAIR LABOR STANDARDS ACT
- [ ] 720 LABOR/MGMT RELATIONS
- [ ] 740 RAILWAY LABOR ACT
- [ ] 751 FAMILY MEDICAL LEAVE ACT (FMLA)
- [ ] 790 OTHER LABOR LITIGATION
- [ ] 791 EMPL RET INC SECURITY ACT (ERISA)

**IMMIGRATION**
- [ ] 462 NATURALIZATION APPLICATION
- [ ] 465 OTHER IMMIGRATION ACTIONS

**BANKRUPTCY**
- [ ] 422 APPEAL 28 USC 158
- [ ] 423 WITHDRAWAL 28 USC 157

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 BLACK LUNG (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID TITLE XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 TAXES (U.S. Plaintiff or Defendant)
- [ ] 871 IRS-THIRD PARTY 26 USC 7609

**OTHER STATUTES**
- [ ] 375 FALSE CLAIMS
- [ ] 376 QUI TAM
- [ ] 400 STATE REAPPORTIONMENT
- [ ] 410 ANTITRUST
- [ ] 430 BANKS & BANKING
- [ ] 450 COMMERCE
- [ ] 460 DEPORTATION
- [ ] 470 RACKETEER INFLU-ENCED & CORRUPT ORGANIZATION ACT (RICO)
- [ ] 480 CONSUMER CREDIT
- [ ] 490 CABLE/SATELLITE TV
- [ ] 850 SECURITIES/COMMODITIES/EXCHANGE
- [ ] 890 OTHER STATUTORY ACTIONS
- [ ] 891 AGRICULTURAL ACTS
- [ ] 893 ENVIRONMENTAL MATTERS
- [ ] 895 FREEDOM OF INFORMATION ACT
- [ ] 896 ARBITRATION
- [ ] 899 ADMINISTRATIVE PROCEDURE ACT/REVIEW OR APPEAL OF AGENCY DECISION
- [ ] 950 CONSTITUTIONALITY OF STATE STATUTES

*Check if demanded in complaint:*

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.
AS DEFINED BY LOCAL RULE FOR DIVISION OF BUSINESS 13?
IF SO, STATE:

DEMAND $_____ OTHER _____    JUDGE _____ DOCKET NUMBER _____

*Check YES only if demanded in complaint*
JURY DEMAND: ☐ YES ☐ NO

NOTE: You must also submit at the time of filing the Statement of Relatedness form (Form IH-32).

VERIFICATION:

I' Judith Alterio, declare under penalty of perjury in accordance with the Laws of the United States of America that the foregoing is true and correct and complete to the best of my knowledge and belief.

_[signature]_ on this __6__th Day, of __Jan__ 2020

# IN THE UNITED STATES COURT OF THE JUDICIAL CIRCUIT, NEW YORK STATE,

Case No:

We reserve the Right To Amend:

Judith Alterio

Emergency Temporary Order

Plaintiffs

V.s

Rushmore Loan Management Wilmington Savings Fund Society

FSB D/B/A Christiana Trust not Individually But As Trustee For Pretium

Mortgage Acquisitions Trust

<u>RESTRAINING ORDER INJUNCTION TO BLOCK</u>

<u>FROM CONTROL AND COMMERCIAL USE OF THE PROPERTY UNTIL THE COURT RULES, AND REQUEST FOR EMEGERCY HEARING ON THE MATTER</u>

Standing before the court, Judith Alterio representing themselves "in Propria Persona" or "proper" Qualified us as attorneys in fact, according to "Blacks Law Dictionary. By asserting my

1
Advocates for Justice

Sovereign Right to represent our self in legal matters establishes our status as my own attorney. To proceed in Pro - Per, means that the court cannot impose the same standard up on me as are imposed on a licensed attorney. This court will treat me as my own attorney, and moves this court to Issue an Injunction and Restraining Order pursuant to Rule 65. (a) (b) (A), to force the Bank and the Property Management Company to cease and decease unlawful eviction attempts.

_____ 1/06/2020
Judith ALterio

## VERIFICATION:

I' Judith Alterio declare under penalty of perjury in accordance with the Laws of the United States of America that the foregoing is true and correct and complete to the best of my knowledge and belief.

*[signature]*
1/6/2020